UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARGARET ELIZABETH WEST,

      Plaintiff,

v.                                    CASE NO. 3:15-cv-758-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

      Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for a period of disability and disability insurance benefits ("DIB"). Plaintiff alleges she became disabled on January 23, 2012. (Tr. 161.) The assigned Administrative Law Judge ("ALJ") held a hearing on February 12, 2014, at which Plaintiff was represented by an attorney. (Tr. 57-78.) The ALJ found Plaintiff not disabled from January 23, 2012 through May 30, 2014, the date of the decision.[2] (Tr. 41-50.)

In reaching the decision, the ALJ found that Plaintiff had severe impairments, including a history of neurocardiogenic syncope and autonomic dysfunction, disorders of the spine, fibromyalgia, and obesity. (Tr. 43.) The ALJ

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 9, 12.)

[2] Plaintiff had to establish disability on or before December 31, 2016, her date last insured, in order to be entitled to a period of disability and DIB. (Tr. 41.)

also found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work. (Tr. 44-45.)

Plaintiff is appealing the Commissioner's decision that she was not disabled from January 23, 2012 through May 30, 2014. Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The Court has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED**.

**I.      Standard**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th

Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.   Discussion

Plaintiff raises three issues on appeal. First, Plaintiff argues that the ALJ failed to articulate good cause for not crediting the treating opinions of Kaushalendra K. Singh, M.D., P.A.[3] that Plaintiff was unable to work due to the unpredictability of her syncopal episodes. Second, Plaintiff argues that the ALJ failed to articulate good cause for not crediting the opinions of her treating cardiologist Dr. David Bello. Finally, Plaintiff argues that the Appeals Council erred in finding that the opinion of Randi Most, Ph.D., ABN, Board Certified Neuropsychologist, pertained to a time after the ALJ denied Plaintiff's claim and in failing to remand her case. The Court agrees with Plaintiff that the ALJ's failure to address pertinent opinions warrants a remand.

The ALJ found that Plaintiff was capable of performing light work "with no more than occasional climbing ramps/stairs, balancing, stooping, kneeling, crouching, and crawling," and that she should avoid climbing ladders, ropes, and scaffolds, concentrated exposure to vibrations and even moderate exposure to

---

[3] Dr. Singh is an internal medicine and pulmonary disease physician.

extreme heat, humidity, and hazards (machinery, heights, etc.). (Tr. 44-45.) In making this finding, the ALJ discussed the medical opinions of record, including, but not limited to, the opinions of Dr. Singh, Dr. Bello, Irena Assefa, M.D. (Plaintiff's family physician), and the State agency non-examining consultants. (Tr. 46-48.) With respect to Dr. Singh's opinions, the ALJ stated:

> Kaushalendra Singh, M.D. completed a treating physician questionnaire in which he noted that the claimant does not suffer from a mental impairment that significantly interferes with her daily functioning and that no medications were prescribed. (Exhibit 13F) This opinion is given significant weight as it is consistent with the objective evidence of record.

(Tr. 47.)

However, the ALJ did not discuss any of Dr. Singh's remaining opinions, including the opinion from April 9, 2012 that Plaintiff was off work until seen at Mayo Clinic (Tr. 385), the opinion from May 24, 2012 that Plaintiff should stay off work (Tr. 384), the opinion from June 1, 2012 that Plaintiff was still unable to work (Tr. 383), and the opinion from June 21, 2012 that Plaintiff was unable to work because of the chance of syncopal episodes and their unpredictability (Tr. 382).[4]

---

[4] Drs. Bello and Assefa similarly opined that Plaintiff should be off work. (*See* Tr. 334 ("Autonomic dysfunction with severe neurocardiogenic syncope, failed Florinef. . . . She needs to be off work, and she is to retry this new therapy."), 568-73 (opining in a Cardiac RFC Questionnaire that Plaintiff had marked limitation of physical activity, should not operate machinery or stand for prolonged periods, was incapable of even low stress jobs, had frequent episodes of passing out, and was likely to be absent from work more than four days per month due to impairments or treatment), 579 ("She is very upset about [sic] she continue [sic] to have dizziness, lightheadedness, and near syncope events. . . . The patient continues to be extremely symptomatic and unable to
(continued...)

Dr. Singh's note from June 21, 2012 also states that Plaintiff was "advised to be off limits from dangerous places where the chances of having a syncopal episode is [sic] alarming." (*Id.*)  It further states:

> Patient has been seen at Mayo Clinic for the most difficult reason for new cardiac syndrome . . . .  A vague diagnosis of orthostatic intolerance has been suggested by a Mayo Clinic physician.  Patient continues to have pain in the back and both legs.  The pain is worse on the right leg and unable to sleep well because of the same, persistent headache and palpitations.  Patient has passed out on different occasions at work and at home.

(*Id.*)

Although the ALJ was not required to mention every piece of evidence in the decision, pursuant to SSR 96-5P, the ALJ could not ignore Dr. Singh's opinions and was required to evaluate them.  *See Moon v. Comm'r of Soc. Sec.*, 2014 WL 548110, *3 (M.D. Fla. Feb. 11, 2014) (citing SSR 96-5P); *Spahiu v. Colvin*, 2013 WL 828460, *6 (M.D. Fla. Mar. 6, 2013) ("Even if a treating physician's opinion pertains to an issue reserved to the Commissioner (e.g. a

---

[4](...continued)
return to work at this time given the ongoing marked abnormalities of her present symptoms."), 598-603 (opining in a Physical RFC Questionnaire that Plaintiff was incapable of even low stress jobs; could sit, stand, or walk for less than two hours total in an eight-hour workday; would need unpredictable, unscheduled breaks; and would be absent from work for more than four days per month due to impairments or treatment), 643 ("Although her condition has improved, she continues to experience episodes of passing out without much warning, therefore it would be detrimental to operate or be around dangerous machinery for her safety and the safety of others around her.  It has been recommended for her not to return to her place of employment due to the safety concerns.").)  These opinions are consistent with Plaintiff's testimony of continuing, unpredictable spells of passing out, which, according to the Vocational Expert ("VE"), might be tolerated once but not over time.  (Tr. 67, 73, 77.)

statement that the claimant is unable to work or is disabled), the ALJ must still 'carefully consider' and 'never ignore' these opinions."). Pursuant to SSR 96-5P, "[i]f the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record." SSR 96-5P. Further, with respect to opinions from treating sources, the Commissioner is required to "make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear" to the Commissioner. *Id.* Although "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance . . . , opinions from any medical source on issues reserved to the Commissioner must never be ignored." *Id.*

In *Moon*, Judge Whittemore found that the ALJ's failure to mention an opinion from an examining physician that the claimant was disabled and to discuss the weight afforded to that opinion, was an error requiring remand. 2014 WL 548110 at *3. He explained: "The gist of [SSR 96-5P] is that the ALJ must weigh and evaluate *any* opinion from a medical source, even if it concerns an ultimate issue reserved for the ALJ. The only restriction on the normal evaluative process is that the ALJ is prohibited from affording such an opinion controlling or significant weight." *Id.*

6

As in *Moon*, the ALJ here failed to address any of Dr. Singh's opinions that Plaintiff was unable to work, as well as the notes accompanying such opinions. Under these circumstances, the Court can only infer that the ALJ failed to consider and evaluate these opinions. This error alone requires a remand. *See Moon*, 2014 WL 548110 at *3-4. Therefore, the Court need not address Plaintiff's remaining arguments. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam).

However, the Court notes that the ALJ's evaluation of Dr. Bello's opinions seems confusing. Although the ALJ gave Dr. Bello's opinions "no significant weight, as there is no rationale explaining why the claimant would be incapable of performing low stress jobs or working in an environment where she would not be exposed to hazards," the ALJ indicated that both of these limitations have been included in the RFC. (Tr. 48.) The ALJ then stated: "As discussed above, by January 2013, the claimant was doing very well and no such extreme limitations are ever documented in any of the treatment records." (*Id.*) As Plaintiff points out, it is unclear why the ALJ stated she incorporated limitations into the RFC, which the ALJ ultimately found to be unsupported by the record. Moreover, the ALJ did not actually incorporate a limitation to low stress jobs and included a limitation to only moderate exposure (as opposed to no exposure) to hazards.

7

(*See* Tr. 45.)  Accordingly, on remand, the ALJ must reconsider Dr. Bello's and Dr. Singh's opinions, state the weight accorded to these opinions, and the reasons therefor.  The ALJ should also consider Dr. Most's opinions, which were originally submitted to the Appeals Council.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), with instructions to the ALJ to: (a) reconsider the medical opinions of record, as stated in this Order; (b) reevaluate Plaintiff's RFC assessment, if necessary; and (c) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions, and close the file.

3. In the event that benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in *In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No.: 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012).  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on September 14, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record